IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHN WAYNE ST. CLAIR,** | CASE NO. 1:22-CV-01684 |
| Plaintiff, | |
| v. | JUDGE CHARLES E. FLEMING |
| **OHIO DEPT. REHAB AND CORRECTIONS, ET AL.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### INTRODUCTION

*Pro se* plaintiff John Wayne St. Clair ("Plaintiff") filed this civil rights action against the Ohio Department of Rehabilitation and Correction, the Ohio Adult Parole Authority, and Lorain Correctional Institution (ECF Nos.1 and 3). It appears that Plaintiff is attempting to bring this action on behalf of himself and inmates at Lorain Correctional, where he was previously incarcerated. According to the docket, Plaintiff is currently incarcerated at Southern Ohio Correctional Institution.

Plaintiff alleges that he and other prisoners are being illegally subjected to post release control in connection with their sentences. Plaintiff states that the defendants "are stacking PRC" when there is clearly no legal basis for doing so, in violation of his constitutional rights. Plaintiff also alleges he has been slandered or libeled.

Plaintiff asks that post release control be terminated, and he requests compensatory damages.

## STANDARD OF REVIEW

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF Nos. 2 and 4). By separate order, the Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Explaining "plausibility," the Supreme Court stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Further, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

As an initial matter, Plaintiff has not alleged a plausible claim to the extent he purports to bring this action on behalf of anyone other than himself. The Sixth Circuit has repeatedly held that prisoners proceeding *pro se* may not represent other prisoners in federal court. *See Marr v. Michigan*, No. 95-1794, 1996 U.S. App. LEXIS 14371, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996) (stating that "an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class"). *See also Corn v. Sparkman*, No. 95-5494, 1996 U.S. App. LEXIS 11629, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners."); *Proctor v. Applegate*, No. 07-12414, 2008 U.S. Dist. LEXIS 46732, 2008 WL 2478331, n.3 (E.D. Mich. June 16, 2008) ("It is well-established that plaintiff … may only represent himself with respect to his individual claims, and [he] may not act on behalf of other prisoners."). Such purported claims made on behalf of other inmates are therefore dismissed.

To the extent Plaintiff is challenging his post release control in connection with his sentence, and he is seeking termination of that portion of his sentence, Plaintiff fails to state a plausible claim. When a plaintiff is challenging the validity of his conviction or sentence, and the relief he seeks is immediate or speedier release, he must seek habeas corpus relief under 28 U.S.C. § 2254 rather than relief in a § 1983 civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Because Plaintiff is challenging the post release control portion of his sentence and is seeking to have that portion of his sentence terminated, his sole federal remedy is a writ of habeas corpus. *See, e.g., Williams v. Ohio*, No.1:21-cv-1018, 2021 U.S. Dist. LEXIS 168539, 2021 WL 4060383, at *2 (N.D. Ohio Sept. 7, 2021) (dismissing civil rights complaint brought by Ohio prisoner seeking release from post release control portion of his sentence).

Additionally, to the extent Plaintiff is attempting to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, he must first show that the conviction or sentence at issue has already been reversed on direct appeal or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Here, Plaintiff's complaint seeks to invalidate a portion of his sentence, but he has not alleged or demonstrated that the sentence has been reversed or called into question in any way as articulated in *Heck*. Plaintiff has therefore failed to state a cognizable civil rights claim.

Finally, it appears that Plaintiff alleges Defendants have committed slander or libel. To the extent Plaintiff has raised any state law claims, the Court declines to exercise supplemental jurisdiction over those claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). Because Plaintiff's complaint does not allege any cognizable federal claim, and there is no basis in this action for original diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claim Plaintiff may also be attempting to assert. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state law claims.") (citing among authority 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

Accordingly, any state law claims Plaintiff may have asserted are dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. §1915(e)(2). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 29, 2022

*/s/ Charles Fleming*
_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE